COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:        David  Patrick  Daniel v. Jennifer Leigh Morris

Appellate case number:    01-22-00319-CV

Trial court case number:  2019-78634

Trial court:                      61st District Court of Harris County

       The following six motions are pending in this case: (1) appellee Jennifer Leigh Morris's motion to dismiss the appeal as interlocutory; (2) appellant David Patrick Daniel's "Agreed Motion To Sever Appeals;" (3) appellant David Patrick Daniel's "Agreed Motion to Stay Appeal;"(4) appellee Philip Placzek and Placzek Law, PLLC's "Second Motion to Extend Appellees' Brief Deadline;" (5) appellee Jennifer Leigh Morris's "Third Motion to Extend Appellees' Brief Deadline;" and (6) appellee Jennifer Leigh Morris's  "Motion for leave to Obtain Rulings." This order addresses each of the pending motions.

**Discussion**

       On April 26, 2022, appellant, David Patrick Daniel, filed a notice of appeal from the trial court's interlocutory order signed on April 25, 2022, granting appellee Jennifer Morris' motion for summary judgment (the "Morris SJ Motion"). On May 26, 2022, Morris filed a motion to dismiss the appeal as interlocutory because "Appellant's claims against Philip Placzek and Placzek Law, PLLC, as asserted in Appellant's [First Amended] Petition have not been resolved or disposed of."

       Although Morris's motion to dismiss was well-founded when filed, the trial court subsequently signed a final judgment on August 29, 2022, that (1) granted Phillip Placzeck and Placzeck Law PLLC's motion for summary judgment (the "Placzek SJ Motion") and (2) "makes final its previous summary judgment in favor of Defendant Jennifer Leigh Morris and against Plaintiff David Patrick Daniel, Jr." The judgment provides that it "disposes of all issues and parties and is a final, appealable judgment."

       On August 31, 2022, Appellant filed a notice of appeal from the final judgment, challenging the trial court's granting of the Morris SJ Motion and its subsequent granting of the Placzeck SJ Motion.

       Appellant filed a brief on August 30, 2022, which only addresses the trial court's grant of summary judgment in favor of Morris.

On November 1, 2022, appellant filed an Agreed Motion to Sever Appeals requesting that our Court sever the trial court's granting of the Placzek SJ Motion into a separate appeal. In other words, Appellant requests that the current appeal only address the trial court's granting of the Morris SJ Motion and that we create a separate appeal for the trial court's granting of the Placzek SJ Motion in the final judgment.

### Rulings on Pending Motions

Appellee Morris's motion to dismiss the appeal as interlocutory is **denied** because, as discussed above, a final judgment was subsequently entered in the underlying case.

Appellant's Agreed Motion to Sever Appeals is **denied**. The motion provides no authority for the relief requested and Appellant incorrectly appears to believe that including both summary judgment rulings in the same appeal was a mistake, asserting that "For reasons unknown to the parties, the appeal of the Placzek MSJ was docketed in the appeal of the Morris MSJ." The summary judgment rulings both arise from the same underlying case number and thus are properly included in the same appeal. Indeed, the final judgment in which the trial court granted the Placzek SJ Motion must be included in this appeal or the appeal would be an interlocutory appeal subject to dismissal.

Appellant's related Joint Motion to Stay Appeal is **denied**. Appellant is **ordered** within 30 days from the date of this order to: (1) supplement the record to include documents regarding the final judgment; and (2) file an amended brief addressing the final judgment. Appellees' briefs will be due 30 days after appellant's amended brief is filed.

In light of these rulings, Appellee Placzek's December 9, 2022 motion to extend appellee's briefing deadline and appellee Morris's December 13, 2022 motion to extend appellee's brief deadline are both **dismissed** as moot. Appellee Morris's January 13, 2023 "Motion for Leave to Obtain Rulings" is further **dismissed** as moot.

It is so ORDERED.


Judge's signature: ____/s/ Gordon Goodman_____
                            Acting individually


Date: _____January 19, 2023_____